By the Court.
1. That the contract between Brun-dred and his associates was against public policy and void, will hardly admit of a question. As said by Baxter, J., in Handy v. Railroad Company, 31 Fed. Rep. 689. “Railroads, are constructed for the common and equal benefit of all persons wishing to avail themselves of the facilities which they afford. While the legal title thereof is in the corporation of individuals owning them, and to that extent private property, they are by the law and consent of the owners, dedicated to the public use. * * Except in the mode of using them, every citizen has the same right to demand the services of railroads, on equal terms, that they have to the use o.f a public highway, or the government mails.” Whatever may have been the financial condition of the railroad company, it was not warranted in making a contract by which *650 it bound itself to carry for one shipper at half' the rate it agreed to charge all others for the same service, in consideration of his agreeing to establish a system of pipe lines to its road; at the same time and for the same consideration binding itself to charge all others double the amount as a fixed open rate, and to pay to such favored shipper one-half of it when collected.
2. It seems equally clear that where, in pursuance of such unlawful agreement, a railroad company has charged and collected certain sums, as freight, of a shipper, ignorant of the agreement, and has paid them over to the other party, the shipper may, on discovering the fraud, maintain an action against such party for money had and received to his use: For the action lies in every instance where one has come into possession of money which should in good conscience be refunded to another.
3. It is claimed that the interposition of The Ohio Transit Company, an incorporation under the laws of Ohio, organized for the purpose of transporting petroleum through tubing and pipes, precludes a recovery against the defendants. If it had, in good faith, been organized for such purpose, there is no doubt but that the receipt of the money by it under the agreement, would constitute a defense to the action against the defendants. If, however, it was organized by the promoters,'the defendants, simply for the purpose of consumating the illegal agreement and shielding themselves from the consequences of receiving the illegal' exactions made under it, the act of incorporating can be of no avail to them as a defense. The court fairly submitted this question to the jury, and in finding their verdict for the plaintiff, must have found the facts to be as averred in the petition. It is a stern but just maxim of the law, that fraud vitiates everything into which it enters. Deeds and records made in the most solemn form are set aside and held for naught when shown to 'have been effectuated for the purpose of fraud; and there is nothing so sacred in a certificate of incorporation as to take it out of the reach of this maxim.

Judgment affirmed.